UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RONALD H. BUTLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-237 JD |
| ) | |
| SAMUEL A. KIDSTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff Ronald H. Butler's Motion for Clerk's Entry of Default. [DE 11]. The motion is DENIED without prejudice, and the complaint is DISMISSED with leave to refile because it has failed to properly allege jurisdiction. Mr. Butler alleges that he is a *resident* of Arizona; that Defendant Samuel A. Kidston is a *resident* of Massachusetts; and that Defendant Chromcraft Revington, Inc. is a Delaware corporation with its headquarters in Mississippi. [DE 1 ¶¶ 2–6]. Mr. Butler thus seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a), which grants this Court jurisdiction over actions between "citizens of different States."

However, the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted). Therefore, Mr. Butler must allege the parties' *citizenship*, rather than their residency, which "[f]or natural persons . . . is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d

1244, 1245 (7th Cir. 1993); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Accordingly, the Court DISMISSES the complaint with leave to amend. Mr. Butler's motion for entry of clerk's default [DE 11] is therefore DENIED, but Mr. Butler may refile the motion should the defendants again fail to respond after having been properly served with the amended complaint.

SO ORDERED.

ENTERED:  September 12, 2014

                                          /s/ JON E. DEGUILIO  
                                          Judge  
                                          United States District Court