UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| RONALD H. BUTLER | ) |
| :--- | :--- |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:14-CV-237 JD |
| SAMUEL A. KIDSTON, *et al.*, | ) ) ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Now before the Court is Plaintiff Ronald H. Butler's second motion for entry of default against the Defendants. [DE 16]. The Court denied the first motion without prejudice because, though the Defendants had not responded to the complaint as required, the complaint failed to properly allege diversity jurisdiction, so the Court lacked subject matter jurisdiction. Plaintiff then filed an Amended Complaint that cures the jurisdictional defect, and has now moved for entry of default again, as the Defendants have yet to appear in this action.

However, there is no indication that the Amended Complaint was ever served on the Defendants, so the Court cannot direct an entry of default. Under Rule 5(a)(2), "No service is required on a party who is in default for failing to appear." Plaintiff argues that because the Defendants failed to respond to the initial complaint, they were in default, so no service of the Amended Complaint was required.[1] However, the Court denied Plaintiff's motion to enter

---

[1] Rule 5(a)(2) also states that "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Plaintiff argues that the Amended Complaint does not assert a new claim because it only fixed the jurisdictional defects. However, if the Court had no jurisdiction over the claims in the initial complaint but does have jurisdiction over the claims in the Amended Complaint, those could plausibly be considered "new claims." Thus, if Plaintiff opts to serve the Amended Complaint pursuant to Rule 5 instead of Rule 4, he should be prepared to establish why such service is sufficient should he again seek an entry of default.

default against the Defendants, so the Defendants were not yet in default. In addition, under Rule 15, the Defendants' responses to the Amended Complaint are due "within 14 days *after service* of the amended pleading." Fed. R. Civ. P. 15(a)(3) (emphasis added). If the Defendants have not been served with the Amended Complaint, then this 14-day period has not yet begun to run, so the Defendants have not failed to respond to the Amended Complaint. And since the Defendants have no continuing obligation to respond to the initial complaint, over which the Court did not have subject matter jurisdiction and which the Court dismissed, entry of default is not justified on that basis, either.

Accordingly, Plaintiff's motion for entry of default [DE 16] is DENIED without prejudice to refiling after having properly served the Amended Complaint on the Defendants.

SO ORDERED.

ENTERED:  November 5, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court